

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| EAG:AL<br>F.#2010R00153 | *271 Cadman Plaza East*<br>*Brooklyn, New York 11201* |

February 21, 2012

<u>By ECF and Hand Delivery</u>

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  United States v. Jerry Balzano
             <u>Criminal Docket No. 11-32 (KAM)</u>

Dear Judge Matsumoto:

      The government respectfully submits this letter in opposition to the defendant's motion to modify the conditions of release by terminating his electronic monitoring. As set forth below, as well as in the government's detention memorandum dated January 20, 2011, and letter dated October 12, 2011, the motion should be denied because the defendant poses a danger to the community and requires close supervision, including electronic monitoring.

BACKGROUND

      The defendant is a soldier in the Decavalcante organized crime family of La Cosa Nostra (the "Decavalcante family"), a violent criminal enterprise that engages in crimes including murder, robbery, extortion and obstruction of justice.

      On January 11, 2011, a grand jury returned an indictment charging the defendant with, <u>inter</u> <u>alia</u>, racketeering conspiracy, in violation of 18 U.S.C. § 1962(d). (Docket Entry No. 1.) On January 20, 2011, the defendant was arrested and released on a $300,000 bond, signed by three sureties and secured by two properties, providing that the defendant would be subject to home detention with electronic monitoring. (Docket Entry Nos. 4, 11.)

      On July 22, 2011, the defendant pled guilty to racketeering conspiracy and allocuted to conspiring to commit two

racketeering acts: receiving stolen tax-refund checks, in violation of 18 U.S.C. § 2315, and conspiring to collect money through extortion, in violation of 18 U.S.C. § 894(a)(1). (Docket Entry No. 39.)

On October 11, 2011, the defendant moved to modify the conditions of bail by terminating electronic monitoring. (Docket Entry No. 43.) In support of his motion, the defendant wrote that he needed "to prepare his home and farm animals for his potential incarceration, [which] requires the ability to move about without the restraints of electronic monitoring," and that electronic monitoring interferes with his ability to "move [his son's] life forward positively." (Id. at 2-3.) On October 12, 2011, the government responded, opposing the motion in light of the rule that a defendant who, like this defendant, has been convicted and is awaiting sentencing shall be detained unless he is found by clear and convincing evidence to be not likely to flee or pose a danger to the safety of any other person or the community if released. (Docket Entry Nos. 44 & 44-1 (attaching the government's detention memorandum dated January 20, 2011).) On October 13, 2011, the Court denied the defendant's motion and provided that he "may request specific dates and times for temporary relief from electronic monitoring upon an adequate showing of good reasons." (Docket Entry dated October 13, 211.)

Since the defendant's October 11, 2011, motion was denied, he has sought permission to travel for specific purposes on five separate occasions. (Docket Entry Nos. 45, 46, 47, 49 & 50.) The Court granted all of these requests. (Docket Entries dated December 16, 2011, December 22, 2011, January 24, 2012, and February 17, 2012.)

On February 17, 2012, the defendant again moved to modify the conditions of bail by terminating electronic monitoring. (Docket Entry No. 53.)

DISCUSSION

I. Legal Standard

Where, as here, a defendant has been convicted, release is governed by 18 U.S.C. § 3143(a). That statute provides that a convicted defendant "shall" be detained unless "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released[.]" 18 U.S.C. § 3143(a)(1).

II. The Defendant's Motion Should Be Denied

Although the government is not seeking detention at this time, the danger posed by the defendant warrants strict conditions of release, including electronic monitoring. Indeed, upon his arrest, that condition was imposed in order to minimize the defendant's ability to commit crimes while on pre-trial (and now pre-sentence) release. As noted above, the defendant is a soldier in the Decavalcante family. (Indictment, Docket Entry No. 1 ¶ 12.) In 2006, he was convicted in New Jersey Superior Court, Ocean County, of one count of unlawfully selling a firearm and one count of manufacturing, distributing or dispensing a controlled dangerous substance. In addition, he has committed at least the following additional crimes, which were charged in the present case:

1. Extortionate Collection of Credit

As alleged in Racketeering Act Three of the Indictment -- and as the defendant admitted at his guilty plea -- the defendant participated in a conspiracy to use extortionate means to collect a loansharking debt from an individual in North Carolina. In particular, the defendant was captured in a consensual recording informing a cooperating witness that the individual owed a loansharking debt to the defendant's uncle, and soliciting the cooperating witness to assist in collecting the debt.

2. Possession of Contraband Cigarettes

As alleged in Racketeering Act One and charged in Count Two of the Indictment, the defendant also possessed contraband cigarettes.[1] The defendant and his co-defendant, Joseph Collina, were captured on consensual recordings telling a cooperating witness that they intended to distribute the contraband cigarettes through a corrupt guard who worked at a New Jersey jail, but later explained that the guard had told them that there was too much "heat" at the jail to do so.

3. Stolen Tax Refund Checks

As alleged in Racketeering Act Two and charged in Count Four of the Indictment -- and as the defendant admitted during his guilty plea -- the defendant and Collina obtained federal and state tax refund checks that had been stolen from the New Jersey resident for whom they were intended. The defendant and Collina then asked a cooperating witness, again in a consensual recording, to fraudulently cash the checks.

4. Stolen Electronics

As charged in Count Three of the Indictment, the defendant and Collina purchased purportedly stolen electronics from a cooperating witness.

\* \* \*

In light of the applicable legal standard -- which presumes that not just electronic monitoring but detention is necessary -- as well as the defendant's position within an organized crime family, the defendant's prior crimes, the crimes he committed in this case, and the fact that the defendant has pleaded guilty and faces an advisory Guidelines sentence of 21 to 27 months,[2] the government respectfully submits that there is no basis for terminating the condition of electronic monitoring.

---

[1] As to charges and racketeering acts to which the defendant has not pled guilty or allocuted, the government proceeds by proffer. United States v. Abuhamra, 389 F.3d 309, 320 n.7 (2d Cir. 2004); United States v. LaFontaine, 210 F.3d 125, 130-31 (2d Cir. 2000); United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986).

[2] The advisory Guidelines range is 21 to 27 months if the defendant gets a two-point reduction based on a global plea.

The defendant argues that he is "neither a flight risk nor a danger to the community" because (1) he is awaiting sentencing and (2) his sister's home is posted on the bond. (Docket Entry No. 53 at 2.) However, the fact that he is awaiting sentencing means that the risk of flight and danger to the community have increased, as recognized by Congress when it enacted the Bail Reform Act. Compare 18 U.S.C. § 3142(b) (a defendant awaiting trial shall be released unless the court determines that release will not reasonably assure the defendant's appearance or will endanger the safety of any other person or the community) to 18 U.S.C. § 3143(a)(1) (a convicted defendant awaiting sentencing shall be detained unless the court finds by clear and convincing evidence that he is not likely to flee or endanger the safety of any other person or the community). To terminate electronic monitoring because the defendant is awaiting sentencing would contradict the scheme that Congress has put into place.

The argument that the defendant's sister has posted her home is also unavailing. The defendant was released because, among other conditions, that home was posted and electronic monitoring was ordered. (Docket Entry No. 11.) The defendant essentially argues that the existence of the former condition now somehow renders the latter unnecessary, but he provides no basis for this argument, and it is hard to imagine any. To the extent that the bond has served its purpose, i.e., has ensured the defendant's appearance in court and the safety of the community, that is a reason to maintain the bond as it is, not to experiment by terminating one of the original conditions.

As in his previous motion, the defendant argues that termination is warranted because he needs "to prepare his home and farm animals for his potential incarceration, [which] requires the ability to move about without the restraints of electronic monitoring." (Docket Entry No. 53 at 2; see also Docket Entry No. 43 at 2.) The government respectfully submits that this is not a reason to terminate electronic monitoring. The defendant has not explained with any specificity what he needs to do and why electronic monitoring interferes with it. If electronic monitoring in fact interferes with the defendant's ability to prepare his home and farm animals, he should seek permission to do those things for a finite time period that is established in advance.

Finally, the defendant argues that his motion should be granted because the Court granted his co-defendant Joseph Collina's request to terminate electronic monitoring. (Docket Entry No. 53 at 2-3.) However, Collina's circumstances are

5

distinguishable for at least two reasons. First, unlike Collina, the defendant lives on a farm "in rural Narrowsburg, New York, more than 100 miles from the Eastern District Courthouse." (Docket Entry No. 53 at 2; see also Order Setting Conditions of Release and Bond as to Jerry Balzano (Docket Entry No. 11).) It is therefore difficult for the Federal Bureau of Investigation and Pretrial Services to monitor the defendant in person, increasing the need for electronic monitoring.

Second, unlike Collina, the defendant was charged with, and has admitted to committing, a crime of violence in this very case. In particular, the defendant participated in a conspiracy to collect a loansharking debt from an individual in North Carolina, as alleged in Racketeering Act Three of the Indictment and as the defendant admitted at his guilty plea. United States v Ciccone, 312 F.3d 535, 542 (2d Cir. 2002) (under 18 U.S.C. § 3156(a)(4), a "crime of violence" is an offense that has as an element the "attempted use, or threatened use of physical force against the person or property of another" or "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"); United States v. Chimurenga, 760 F.2d 400, 404 (2d Cir. 1985) (conspiracy to commit a crime of violence is a crime of violence for purposes of the Bail Reform Act). Therefore, the defendant arguably poses a great danger to the community than does Collina.

## CONCLUSION

For the reasons set forth above, the government respectfully asks that the request be denied. To the extent that the defendant seeks a modification of his bail on a particular occasion for a particular reason, the defendant can, as he has in the past, seek consent from the government and Pretrial Services and submit the request to the Court.

> Respectfully submitted,
>
> LORETTA E. LYNCH
> UNITED STATES ATTORNEY
>
> By:    /s/
> Elizabeth A. Geddes
> Allon Lifshitz
> Assistant U.S. Attorneys
> (718)254-6430/6164

cc: Gary Schoer, Esq. (by ECF)
    Clerk of the Court (KAM) (by ECF)